# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3048

_____

| | | |
|---|---|---|
| Claybran Powell, Jr. | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| United States of America, | * | [PUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: September 14, 2000
Filed: November 17, 2000

_____

Before BOWMAN and BEAM, Circuit Judges, and BOGUE,[1] District Judge.

_____

PER CURIAM.

Claybran Powell, Jr. appeals the order of the District Court[2] denying his 28 U.S.C. § 2255 motion. Powell argues that the evidence was insufficient, in light of Bailey v. United States, 516 U.S. 137 (1995), to support the verdict of the jury that

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

found him guilty under 18 U.S.C. § 924(c) (1988 & Supp. V 1993) of using or carrying a firearm during and in relation to a drug-trafficking crime. We affirm.

The police became aware of Powell's involvement in a drug operation when a reliable informant provided a tip to the police that Powell was selling cocaine from an apartment. The police put the apartment under surveillance for five days and observed numerous interactions between Powell and several visitors to the apartment that were consistent with drug dealing. The police obtained a search warrant for the apartment, but as they prepared to execute the warrant they observed Powell arrive at the scene and park his car across the street from the apartment building. The officers converged on Powell and ordered him out of the car. When Powell emerged from the car, a detective found a loaded handgun resting on the driver's seat, exactly where Powell had been sitting. The officers arrested Powell and discovered that he was carrying five hundred dollars in cash. The police subsequently executed the warrant and discovered cocaine, two guns, and drug paraphernalia in the apartment. In addition, Powell made incriminating statements about his drug operation.

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences from the evidence that support the jury's verdict. See United States v. Bates, 77 F.3d 1101, 1104-05 (8th Cir. 1996). The jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. See id. at 1105.

Powell's sufficiency-of-the-evidence challenge relies on Bailey, which held that the term "use" in § 924(c)(1) denotes active employment of a firearm. See 516 U.S. at 148 (requiring active employment of firearm, including "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire"). Under Bailey, this record does not support a finding that Powell "used" a firearm. The Court's

opinion in <u>Bailey</u> did nothing, however, to affect the meaning of "carry" as used in § 924(c).  <u>See</u> <u>United States v. Willis</u>, 89 F.3d 1371, 1378 (8th Cir. 1996).  The evidence is sufficient to show that Powell carried the firearm found in the vehicle within the meaning of § 924(c).  <u>See</u> <u>United States v. Freisinger</u>, 937 F.2d 383, 387 (8th Cir. 1991) ("'[W]hen a motor vehicle is used, "carrying a weapon" takes on a less restrictive meaning than carrying on the person.  The means of carrying is the vehicle . . . .'") (quoting <u>United States v. Cardenas</u>, 864 F.2d 1528, 1535 (10th Cir.), <u>cert. denied</u>, 491 U.S. 909 (1989)).

A conviction under § 924(c)(1) also requires the government to prove that Powell carried the firearm "during and in relation to" a drug-trafficking crime.  The evidence establishes a strong nexus between the gun Powell carried, the five hundred dollars in his possession at the time of arrest, the confidential informant's tip that Powell was selling drugs, the police surveillance indicating Powell had sold drugs, and the discovery of drugs and guns in the apartment.  Powell was arrested outside the apartment with a gun in his possession, presumably on his way back to the apartment. The jury held Powell accountable for the cocaine in the apartment when they convicted him of possession of cocaine with intent to distribute.  They had sufficient evidence to find that Powell carried the firearm not as happenstance, but during and in relation to the drug trafficking offense.  <u>See</u> <u>Smith v. United States</u>, 508 U.S. 223, 238 (1993) ("[T]he phrase 'in relation to' . . . clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence.").  The evidence was also sufficient for the jury to find that Powell carried the firearm in order to protect the five hundred dollars cash in his possession, which a reasonable jury could conclude was made up of drug proceeds.  <u>Cf.</u> <u>United States v. Edwards</u>, 994 F.2d 417, 421 (8th Cir. 1993) ("Protection of drug proceeds furthers a drug trafficking crime, and use of a firearm to guard such proceeds therefore violates § 924(c).").

In sum, while the evidence does not show that Powell "used" a firearm, it sufficiently supports a finding that he "carried" the firearm found in the car. Accordingly, Powell's challenge to his § 924(c) conviction fails.

The judgment of the District Court denying Powell's § 2255 motion is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.